HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>JENNEEN ALSHALALDEH, DYLAN BARTELL, LINCOLN BOCK, JASON BRADLEY, PAUL COPELIN, KENNETH GRUNWALD, BIJAN HOOSHYAR, WILLIAM KELLEY, NICHOLAS KING, JACOB MORGANO, MARISSA RITTER and SEAN ZLATNIK,<br><br>Defendants. | Case No.: 2:26-cv-01680-JHC<br><br>**DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE AND FAILURE TO STATE A CLAIM, OR IN THE ALTERNATIVE, FOR JUDGMENT ON THE PLEADINGS**<br><br>**NOTE ON MOTION CALENDAR:**<br>July 16, 2026 |



**MASON & PERRY LLP**
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

# TABLE OF CONTENTS


TABLE OF CONTENTS ..... ii

INTRODUCTION ..... 1

BACKGROUND ..... 2

I. THE ORIGINAL SSA REQUIRED INDIVIDUAL ARBITRATION. ..... 2

II. DEFENDANTS FILED ARBITRATION CLAIMS AS THE SSA REQUIRED. ..... 3

III. VALVE REMOVED THE ARBITRATION CLAUSE FROM THE SSA AFTER DEFENDANTS' ARBITRATIONS WERE FILED. ..... 3

IV. VALVE USED THE SAME NOTICE PROCESS HERE AS IN *ABBRUZZESE*. ..... 3

ARGUMENT ..... 4

I. VALVE'S COMPLAINT SHOULD BE DISMISSED FOR IMPROPER VENUE. ..... 4

II. THE *ABBRUZZESE* OPINION FORECLOSES VALVE'S THEORY. ..... 5

A. The Same Facts. ..... 6

B. The Same Legal Conclusions. ..... 6

C. The *Abbruzzese* Analysis Compels Dismissal Here. ..... 7

III. EACH CLAIM FAILS BECAUSE IT DEPENDS ON THE CURRENT SSA'S UNENFORCEABLE FORUM-SELECTION CLAUSE. ..... 7

A. Counts I and III (Declaratory Judgment and Injunctive Relief). ..... 7

B. Count II (Breach of Contract). ..... 7

C. Count IV (All Writs Act). ..... 8

D. Defendant Alshalaldeh. ..... 9

IV. THE ORIGINAL SSA'S SURVIVORSHIP CLAUSE PRESERVES THE DUTY TO ARBITRATE. ..... 9

A. Section 9.D Preserves the Arbitration Clause Through Termination. ..... 9

B. Because Section 11 Survives, the Duty to Arbitrate Remains Operative. ..... 9

C. The Survivorship Clause Preempts Valve's Fallback Argument. ..... 10

V. GOOD FAITH, EQUITABLE ESTOPPEL, AND THE ALL WRITS ACT PROVIDE INDEPENDENT GROUNDS FOR DISMISSAL OR, IN THE ALTERNATIVE, JUDGMENT ON THE PLEADINGS. .......... 10

A. The Implied Covenant of Good Faith and Fair Dealing Bars Valve's Claims. ...... 11

B. Equitable Estoppel Bars Valve's Claims. .......... 12

C. The All Writs Act Does Not Salvage Valve's Claims. .......... 12

CONCLUSION .......... 13



MASON & PERRY LLP
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

Defendants Jeneen Alshalaldeh, Jason Bradley, Paul Copelin, Kenneth Grunwald, Bijan Hooshyar, William Kelley, Jacob Morgano, and Sean Zlatnik (collectively, "Defendants")[1] move this Court to dismiss the Complaint of Plaintiff Valve Corporation ("Valve"), or in the alternative, for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), and state as follows.

## INTRODUCTION

Less than two weeks after Valve filed this Complaint, the Honorable Jamal N. Whitehead issued a 32-page Order denying Valve's motion for a preliminary injunction in *Valve Corp. v. Abbruzzese*, No. 2:24-cv-1717-JNW (W.D. Wash. May 27, 2026). The reasoning in that opinion fully applies here and is dispositive. The *Abbruzzese* Court examined the identical agreement Valve invokes in this case—the same version of the Steam Subscriber Agreement (the "SSA"), the same retroactive forum-selection clause, the same notice and "consent" process, and the same effort to halt pending arbitrations—and concluded that "the agreement Valve relies on cannot do the work Valve asks of it because the retroactive forum selection clause that would pull these pending arbitrations into court is unenforceable as applied to these Defendants." *Abbruzzese*, Dkt. No. 169 at 2.

This Court's prior analysis eliminates Valve's theory at the threshold of this case. As the Court explained:

> Valve wrote the contract that put them there. For years it required its customers to arbitrate, and it went to federal court to make them do so. Thousands complied, spending time and money to litigate in the forum Valve had chosen. Only after those proceedings were well underway did Valve change the contract to route the same disputes into court. . . . [T]he law does not let a party—let alone the drafter—use the amendment power to strip away rights its customers have already exercised.

*Id.* at 12. This Court found the retroactive forum clause was both procedurally and substantively unconscionable under Washington law. *Id.* at 19–27.

The Complaint in this case pleads the same operative facts as in *Abbruzzese*. Valve seeks declarations and injunctions premised on enforcing the same clause against these Defendants who,

[1] Defendants Dylan Bartell, Lincoln Bock, Nicholas King, and Marissa Ritter are separately pleading an Answer to the Complaint.



MASON & PERRY LLP
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

like the *Abbruzzese* defendants, are consumers who filed antitrust arbitration demands against Valve under the arbitration agreement in the prior version of the SSA (the "Original SSA"). If Valve's retroactive forum clause is unenforceable as applied to pending arbitrants (as this Court held in *Abbruzzese*), then Valve's Complaint does not state a claim upon which relief can be granted.

Moreover, if this Court were to sever the unenforceable forum-selection clause, that does not leave Defendants in contractual limbo. The Original SSA's survivorship clause (Section 9.D) expressly provides that Section 11—the duty to arbitrate—survives "any expiration or termination" of the agreement. Because the Current SSA purports to "replace[] and supersede[]" the Original SSA, the survivorship clause is triggered, and the arbitration obligation survives and supplants any unenforceable forum-selection clause. For these reasons, the Complaint should be dismissed.

## BACKGROUND

The following facts are drawn from the Complaint and its attached exhibits, accepted as true solely for purposes of this motion.

### I. THE ORIGINAL SSA REQUIRED INDIVIDUAL ARBITRATION.

Valve operates the Steam digital gaming platform. Compl. ¶ 51. To use Steam, a subscriber must agree to the Steam Subscriber Agreement ("SSA" or "Original SSA"), a standard-form contract drafted exclusively by Valve. *Id.* ¶ 52. Beginning in 2012, the SSA required all disputes to be resolved through "individual binding arbitration" before the American Arbitration Association ("AAA"). *Id.* ¶¶ 54–55. Section 11 stated: "YOU AND VALVE AGREE TO RESOLVE ALL DISPUTES AND CLAIMS BETWEEN US IN INDIVIDUAL BINDING ARBITRATION." *Id.* ¶ 55. Section 9.D of the Original SSA provided a survivorship clause: "Sections 2.C., 2.D., 2.F., 2.G., 3.A., 3.B., 3.D., 3.H., and 5 – 12 will survive any expiration or termination of this Agreement."

Valve kept the arbitration clause in its SSA for approximately twelve years; during that time, each of the Defendants agreed to it. Compl. ¶¶ 54–56. (Because Valve's Complaint does not


MASON & PERRY LLP
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

include a copy of the Original SSA nor the arbitration clause, a copy of the Original SSA is included with this motion. *See* Decl. of Gary E. Mason, Ex. 1.)

## II. DEFENDANTS FILED ARBITRATION CLAIMS AS THE SSA REQUIRED.

Valve itself previously moved this Court to compel consumers into the Section 11 arbitration framework. *See Wolfire Games, LLC v. Valve Corp.*, 2021 WL 4952220, at *1 (W.D. Wash. Oct. 25, 2021) (granting Valve's motion to compel arbitration). Accordingly, on or about July 21, 2023, Defendants initiated arbitration by sending written notice to Valve. Subsequently, Defendants Grunwald, Kelley, Morgano, and Zlatnik filed antitrust arbitration demands with the AAA in December 2023. Compl. ¶ 11. Defendants Alshalaldeh, Bradley, Copelin, and Hooshyar filed demands in April 2024. *Id.* ¶ 12.

## III. VALVE REMOVED THE ARBITRATION CLAUSE FROM THE SSA AFTER DEFENDANTS' ARBITRATIONS WERE FILED.

Valve responded to the arbitrations by refusing to pay its share of AAA filing fees, which prompted lawsuits by other arbitration claimants seeking to compel Valve to pay the fees. Compl. ¶ 22 (citing *Welty v. Valve Corp.*, No. 2:25-cv-02450 (W.D. Wash.) and *Smith v. Valve Corp.*, No. 2:25-cv-01478 (W.D. Wash.)). On September 26, 2024—after an arbitrator ruled Valve's arbitration clause unenforceable and after the *Elliott* class action was filed—Valve implemented a new SSA (the "Current SSA") removing the arbitration clause and class-action waiver. Compl. ¶¶ 3, 16. The Current SSA added a retroactive forum-selection clause providing that "all disputes and claims between you and Valve (including any dispute or claim that arose before the existence of this or any prior agreement) shall be commenced and maintained exclusively in any state or federal court located in King County, Washington." *Id.* ¶ 5; Ex. 1 § 10. The Current SSA states it "replaces and supersedes" the prior agreement and "constitutes and contains the entire agreement between the parties . . . and supersedes any prior oral or written agreements." *Id.* ¶¶ 6, 48.

## IV. VALVE USED THE SAME NOTICE PROCESS HERE AS IN *ABBRUZZESE*.

Valve alleges it provided notice of the Current SSA through an email notification, a pop-up notice on the Steam client, a blog post, and purchase/wallet-funding clickwrap. Compl. ¶¶ 57–



MASON & PERRY LLP
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

73. This is the same notice process this Court evaluated in *Abbruzzese*. *Abbruzzese*, Dkt. No. 169 at 5–8. Users were told the Updated SSA would become effective November 1, 2024, unless they deleted their account or discontinued use. *Id.* at 8. All users, including Defendants, were forced to choose between keeping their existing arbitration rights or forfeiting their paid-for game libraries.

Valve alleges that Bradley accepted by purchase on October 1, 2024; Copelin by pop-up on October 3, 2024; Hooshyar by pop-up on September 27, 2024; Grunwald, Kelley, Morgano, and Zlatnik by notice plus continued logins. Compl. ¶¶ 66–73. Defendant Alshalaldeh allegedly has no Steam account. *Id.* ¶ 19.

## ARGUMENT

### I. VALVE'S COMPLAINT SHOULD BE DISMISSED FOR IMPROPER VENUE.

A motion to enforce a forum-selection clause is treated as a motion pursuant to Federal Rule of Civil Procedure 12(b)(3). *Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty*, 294 F.3d 1171, 1174 (9th Cir. 2002); *see also Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996) (holding that a motion to dismiss based on a forum selection clause should be treated as a Rule 12(b)(3) motion to dismiss under Rule 12(b)(3)). In deciding a Rule 12(b)(3) challenge, the plaintiff bears the burden to establish proper venue, and the Court may consider materials outside the pleadings while resolving reasonable factual conflicts and inferences in the plaintiff's favor. *Deb v. Sirva, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016).

Section 1406(a) of Title 28 of the United States Code provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." This action should be dismissed under Rule 12(b)(3) for improper venue because Valve's complaint asks this Court to decide an issue the parties agreed to submit to arbitration.

Valve's theory is that an earlier arbitration agreement was superseded by later terms containing a forum-selection clause requiring litigation in court. But that is a threshold dispute over which agreement controls and whether the users' claims remain arbitrable. Where, as here, the agreement delegates all disputes to an arbitrator, including claims arising out of "any aspect of


MASON & PERRY LLP
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

the relationship between us" or relating to "your use of Steam" or "this agreement," *see* Mason Decl. Ex. 1 ¶ 11(a), the court must honor that delegation and may not decide the merits of Valve's anti-arbitration theory in the first instance.

Valve cannot avoid the parties' arbitration agreement by recasting the arbitrability dispute as one about venue or forum selection. The relevant question is not whether Valve prefers the later forum-selection clause, but who decides whether that later clause displaced the arbitration agreement. Under the Federal Arbitration Act, arbitration is a matter of contract, and courts enforce the parties' allocation of gateway arbitrability issues. When the parties clearly and unmistakably delegated arbitrability, the arbitrator decides whether the dispute must proceed in arbitration, including disputes over the continued force and effect of the arbitration provision.

Because the parties' agreement requires the arbitrator—not this Court—to decide Valve's supersession argument, this Court is not the proper venue for Valve's attempt to enjoin the pending arbitrations. The complaint should therefore be dismissed under Rule 12(b)(3), or, at minimum, the Court should decline to entertain Valve's request for injunctive relief and require Valve to present its arbitrability objections to the arbitrator.

## II. THE *ABBRUZZESE* OPINION FORECLOSES VALVE'S THEORY.

A motion to dismiss under Rule 12(b)(6) tests whether the complaint states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pleaded factual allegations as true but need not credit "legal conclusions" or "formulaic recitation[s] of the elements." *Id.* Where the complaint's own allegations and incorporated documents demonstrate that an essential contractual term is unenforceable as a matter of law, dismissal is proper. *See id.* at 679.

This Court's May 27, 2026, Order in *Abbruzzese* addressed the legal viability of the identical contract theory Valve advances here. Although that case was at the preliminary-injunction stage, the Court's analysis of whether Valve was "likely to succeed on the merits" rested on substantive legal determinations that are equally applicable on a Rule 12(b)(6) motion—and indeed are *a fortiori* stronger here, because on a motion to dismiss the Court need not find



MASON & PERRY LLP
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

unconscionability "likely" but only that it makes Valve's claim "implausible." *See Abbruzzese*, Dkt. No. 169 at 16–27.

**A. The Same Facts.**

In *Abbruzzese*, the Court evaluated Valve's September 26, 2024, Updated SSA—the same document Valve calls the "Current SSA" here—with the same retroactive forum-selection clause now at issue in this case. Valve used the same notification mechanisms (email, pop-up, blog post, purchase clickwrap). In both cases, the defendants are consumers who filed arbitration demands and whose claims were already pending when Valve amended the SSA and Valve seeks the same relief: a declaration that the Updated SSA governs and an injunction halting the arbitrations. *Compare Abbruzzese*, Dkt. No. 169 at 1–11, *with* Compl. ¶¶ 1–9.

**B. The Same Legal Conclusions.**

The *Abbruzzese* court explained that even if one were to assume the *Abbruzzese* defendants assented to the Updated SSA, "assent cannot cure unenforceable terms." *Abbruzzese*, Dkt. No. 169 at 17. The court found the retroactive forum-selection clause both procedurally and substantively unconscionable under Washington law as applied to pending arbitrants.

Procedurally, the SSA was adhesive: Valve had vastly superior bargaining power; the "rejection" mechanism forced consumers to choose between keeping their paid-for Steam libraries and preserving their existing arbitration rights; and Valve solicited represented adversaries directly, circumventing counsel. *Id.* at 19–23.

Substantively, the clause "terminates arbitrations [Defendants] had already filed, unwinds the work and expense those proceedings demanded, and—for those nearest a final award or with an award in hand—threatens the awards themselves." *Id.* at 24. "Only one side loses anything of value in the trade." *Id.* The clause is "one-sided in how it operates, and offer[s] nothing to the people it binds." *Id.* at 12. The Court concluded: "The retroactive forum clause is likely substantively unconscionable as applied to Defendants. Combined with the procedural unconscionability discussed above, it is unenforceable, and Valve is thus unlikely to succeed on the merits." *Id.* at 27.


MASON & PERRY LLP
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

### C. The *Abbruzzese* Analysis Compels Dismissal Here.

Valve's Complaint in this action seeks to enforce the same clause Judge Whitehead found unenforceable in *Abbruzzese*. The factual scenarios in both cases are indistinguishable in all material respects: Defendants are consumers who filed individual arbitration demands under the Original SSA; Valve subsequently imposed a unilateral amendment with a retroactive forum-selection clause; and Valve now relies upon that forum-selection clause to enjoin those arbitrations. If the Current SSA's forum-selection clause is unenforceable as applied to pending arbitrants—as this Court held after full briefing and oral argument—then Valve's Complaint fails to state a claim upon which relief can be granted, regardless of whether the Court accepts Valve's factual allegations about notice and assent.

## III. EACH CLAIM FAILS BECAUSE IT DEPENDS ON THE CURRENT SSA'S UNENFORCEABLE FORUM-SELECTION CLAUSE.

Each of Valve's four counts should be dismissed under Rule 12(b)(6) for failure to state a claim. As the face of the Complaint and its incorporated documents establish, every count depends on enforcing the Current SSA's retroactive forum-selection clause; because that clause is unenforceable as applied to pending arbitrants, no count states a claim upon which relief can be granted.

### A. Counts I and III (Declaratory Judgment and Injunctive Relief).

Counts I and III seek declarations that the Current SSA is "valid and enforceable" and that Defendants must pursue claims in court, together with an injunction halting their arbitrations. Compl. ¶¶ 105–115, 123–134. These claims depend entirely on enforcing the retroactive forum-selection clause. Because that clause is unconscionable as applied to pending arbitrants, Valve cannot obtain the declarations or injunctions it seeks. The claims fail as a matter of law.

### B. Count II (Breach of Contract).

Count II alleges that the Steam User Defendants have breached the Current SSA by "continu[ing] to pursue arbitration." Compl. ¶¶ 116–122. A party cannot "breach" a contract by failing to comply with an unenforceable term. *See Adler v. Fred Lind Manor*, 103 P.3d 773, 781–


MASON & PERRY LLP
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

82 (Wash. 2004) (unconscionable terms are unenforceable). If the forum-selection clause is unconscionable, Defendants have no contractual obligation to abandon arbitration in favor of court; therefore, pursuing the arbitrations they originally commenced cannot constitute breach. Count II thus fails.

**C. Count IV (All Writs Act)**

Count IV invokes the All Writs Act, 28 U.S.C. § 1651(a), seeking an injunction against Defendants' arbitrations on the ground that they threaten this Court's jurisdiction over the pending *Wolfire* proceedings. Compl. ¶¶ 135–139. This claim fails for multiple reasons.

First, the All Writs Act cannot be used to revive the same forum-switching theory this Court has rejected. The Act authorizes writs "in aid of" existing jurisdiction—not writs that independently enforce unenforceable contract terms. *Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999) ("[T]he express terms of the Act confine the power of the [court] to issuing process 'in aid of' its existing statutory jurisdiction; the Act does not enlarge that jurisdiction."); *see also Singh v. Covington Water Dist.*, 359 P.3d 947, 952 (2015) ("A court will not enforce terms of a contract where public policy outweighs the interest in their enforcement.").

Second, Defendants' individual arbitrations do not "imperil" this Court's ability to adjudicate *Wolfire* or any related proceeding. There is no certified class that covers the Defendants, and each Defendant's individual arbitration—commenced pursuant to an agreement that Valve itself drafted and imposed upon subscribers—poses no threat to the administration of distinct class litigation. *See Adkins v. Nestle Purina PetCare Co.*, 779 F.3d 481, 484 (7th Cir. 2015) (injunction inappropriate where "no one contends that trial or judgment in the [other] litigation could imperil the district court's ability and authority to adjudicate the federal suit.").

Third, the FAA disfavors mid-arbitration judicial interference. Under the FAA, "judicial review prior to the rendition of a final arbitration award should be indulged, if at all, only in the most extreme cases." *In re Sussex*, 781 F.3d 1065, 1099 (9th Cir. 2015) (quoting *Aerojet-General Corp. v. Am. Arb. Ass'n*, 478 F.2d 248, 251 (9th Cir. 1973)). Valve—the party that *created* the


MASON & PERRY LLP
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

arbitration framework and *compelled* consumers into it—cannot now invoke this Court's authority to pull consumers out of the arbitrations they have commenced.

**D. Defendant Alshalaldeh.**

According to Valve's Complaint, Defendant Alshalaldeh does not have a Steam account. Compl. ¶ 22 (alleging that Defendant Alshalaldeh would be a member of the putative class in *Welty* "if she had a Steam account"). Taking the allegation as true, if Alshalaldeh has no Steam account, she never agreed to any SSA—neither the Original nor the Current version—and Valve has no contractual basis for any claim against her. All claims against Alshalaldeh fail independently.

## IV. THE ORIGINAL SSA'S SURVIVORSHIP CLAUSE PRESERVES THE DUTY TO ARBITRATE.

Valve will likely argue that even if the retroactive forum-selection clause is unenforceable, that merely removes the court-forum requirement—it does not affirmatively require Defendants to arbitrate. This argument fails because the Original SSA's survivorship clause ensures that the arbitration obligation persists.

**A. Section 9.D Preserves the Arbitration Clause Through Termination.**

Section 9.D of the Original SSA provides: "Sections 2.C., 2.D., 2.F., 2.G., 3.A., 3.B., 3.D., 3.H., and **5 – 12** [including Section 11] will survive any expiration or termination of this Agreement." (emphasis added). Section 11 of the Original SSA contains the arbitration agreement requiring all disputes to be resolved through individual binding arbitration before the AAA.

The Current SSA, by its own terms, does not merely "amend" the Original SSA—it "replaces and supersedes" it. Compl. ¶ 48; Ex. 1 § 11. As *Black's Law Dictionary* confirms, "supersede" means "to annul, make void, or repeal by taking the place of." SUPERSEDE, Black's Law Dictionary (12th ed. 2024). By "replacing and superseding" the Original SSA, Valve terminated it—triggering the survivorship clause.

**B. Because Section 11 Survives, the Duty to Arbitrate Remains Operative.**

Under Section 9.D, the arbitration clause in Section 11 "will survive any expiration or termination" of the Original SSA. If the Current SSA's forum-selection clause is unenforceable as


MASON & PERRY LLP
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

applied to Defendants' pending claims, there is no valid successor provision governing forum selection for those claims. The surviving Section 11 fills the gap: it requires that "all disputes and claims" between the parties be resolved in individual binding arbitration.

This is not a case where the parties negotiated a new agreement on equal terms. Valve unilaterally drafted a replacement contract that it now concedes is intended to—and does—annul the old one. Having thus triggered the survivorship mechanism, Valve cannot circumvent it with an unenforceable forum selection clause. Defendants' right to arbitrate was preserved.

### C. The Survivorship Clause Preempts Valve's Fallback Argument.

Valve's anticipated argument runs: even if the forum-selection clause is unenforceable, the Current SSA removed the arbitration clause, so there is still no agreement to arbitrate. But this proves too much. If the Current SSA's retroactive provisions are unconscionable and unenforceable as applied to pending arbitrants, Valve cannot selectively rely on *other* provisions of the same unenforceable agreement to strip Defendants of their arbitration rights. The Current SSA either governs or it does not. If its retroactive terms are unconscionable, those terms cannot "do the work Valve asks of [them]." *Abbruzzese*, Dkt. No. 169 at 2.

The proper analysis is straightforward: (1) the Original SSA's Section 11 required arbitration; (2) the Current SSA purported to supersede and replace the Original SSA; (3) under Section 9.D, Section 11 survives that supersession; (4) the Current SSA's forum-selection clause is unenforceable as applied to pending claims; therefore (5) the surviving arbitration clause in Section 11 controls the disposition of Defendants' pending claims. Valve's Complaint—which seeks to halt arbitrations that are proceeding under a surviving contractual obligation—fails to state a claim.

## V. GOOD FAITH, EQUITABLE ESTOPPEL, AND THE ALL WRITS ACT PROVIDE INDEPENDENT GROUNDS FOR DISMISSAL OR, IN THE ALTERNATIVE, JUDGMENT ON THE PLEADINGS.

The implied covenant of good faith and fair dealing and the doctrine of equitable estoppel independently bar Valve's claims. Because these doctrines may require the Court to look beyond


MASON & PERRY LLP
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

the four corners of the Complaint, Defendants advance them in the alternative as grounds for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The standard governing a Rule 12(c) motion is "functionally identical" to that governing a Rule 12(b)(6) motion. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). "Judgment on the pleadings is properly granted when there is no material issue of fact in dispute , and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The pleadings and the documents Valve incorporates establish that Valve drafted the arbitration framework, compelled Defendants into it, and now seeks to escape it—facts that defeat Valve's claims as a matter of law under either standard.

**A. The Implied Covenant of Good Faith and Fair Dealing Bars Valve's Claims.**

Under Washington law, every contract contains an implied covenant of good faith and fair dealing that "obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." *Badgett v. Sec. State Bank*, 807 P.2d 356, 360 (1991) (citations omitted). Valve's unilateral removal of the arbitration clause mid-proceeding—after years of compelling consumers into arbitration and prevailing on that very issue in *Wolfire*—violates this covenant as a matter of law.

The timing of Valve's actions is telling. Valve amended the SSA only after (i) an arbitrator found its arbitration clause unenforceable only as to four claimants, and (ii) Valve faced tens of thousands of pending mass-arbitration demands. Compl. ¶¶ 3, 16. This was not a good-faith exercise of contractual discretion—it was a strategic ploy to avoid the consequences of a forum that Valve itself had selected. As one court has recognized under similar circumstances, "the implied covenant of good faith and fair dealing prohibits a party from 'making unilateral changes to an arbitration agreement that apply retroactively to accrued or known claims because doing so would unreasonably interfere with the opposing party's expectations regarding how the agreement applied to those claims." *Cobb v. Ironwood Country Club*, 233 Cal. App. 4th 960, 966 (2015) (cleaned up).



MASON & PERRY LLP
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

**B. Equitable Estoppel Bars Valve's Claims.**

Equitable estoppel "precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes." *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1045 (9th Cir. 2009). Valve reaped the benefits of the arbitration clause for years—successfully compelling consumers into individual arbitration in *Wolfire* and participating in thousands of proceedings. Now that mass arbitration has proved costly,[2] Valve seeks to discard the arbitration framework it imposed. This is the textbook case for equitable estoppel.

As the *Abbruzzese* Court observed: "Valve wrote a contract that barred class actions and channeled every dispute into individual arbitration. Thousands of individual arbitrations are what that contract produced." *Abbruzzese*, Dkt. No. 169 at 29. The mass arbitration is "Valve's own design at work," and Valve is "hoist by its own contractual petard." *Id* (quoting *Valve Corp. v. Bucher Law PLLC*, 571 P.3d 312, 321 n.6 (Wash. Ct. App. 2025)). If there was ever a case that called for the application of equitable estoppel, this is it. Valve should be equitably estopped from repudiating the arbitration it demanded.

**C. The All Writs Act Does Not Salvage Valve's Claims.**

As discussed in Section III.C above, Count IV fails because the All Writs Act does not authorize injunctions against private arbitrations that do not threaten this Court's jurisdiction. The FAA's strong policy against mid-arbitration judicial interference forecloses Valve's request. *See In re Sussex*, 781 F.3d at 1071–72 (a court's role "is generally limited to decisions that bookend the arbitration itself"). Valve—the party that *created* the arbitration framework, *drafted* the mandatory arbitration clause, and *successfully moved to compel* consumers into arbitration—cannot now invoke this Court's authority to pull those consumers back out because the arbitration process has become inconvenient.

---

[2] In March 2024, the AAA invoiced Valve $20,875 for case management fees. Valve declined to pay. Compl. ¶ 22.



MASON & PERRY LLP
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion to Dismiss and dismiss Valve Corporation's Complaint in its entirety. The Complaint fails to state a claim upon which relief can be granted because: (1) this Court's *Abbruzzese* opinion establishes that the retroactive forum-selection clause in the Current SSA is unconscionable as applied to pending arbitrants—and Valve's Complaint pleads the same contract, the same notice process, and the same theory; (2) each of Valve's four counts depends on enforcing that unenforceable clause; (3) the survivorship clause in the Original SSA preserves the duty to arbitrate, foreclosing Valve's fallback argument; and (4) good faith, equitable estoppel, and the FAA's prohibition on mid-arbitration interference independently bar Valve's claims.

DATED: June 18, 2026

I certify that this memorandum contains 4232 words, in compliance with the Local Civil Rules.

Respectfully submitted,

*/s/ Gary E. Mason*

Gary E. Mason (*pro hac vice*)
Danielle L. Perry (*pro hac vice*)
Theodore B. Bell (*pro hac vice*)
Jacob D. Eisenberg (*pro hac vice*)
**MASON & PERRY LLP**
5335 Wisconsin Avenue NW, Suite 640
Washington, DC 20015
Telephone: (202) 429-2290
gmason@masonllp.com
dperry@masonllp.com
tbell@masonllp.com
jeisenberg@masonllp.com

Kent M. Williams (*pro hac vice*)
**SIRI & GLIMSTAD LLP**
400 S. 4th Street, Suite 401
Minneapolis, MN 55415
Telephone: (929) 220-2759
kent.williams@sirillp.com

Mason A. Barney (*pro hac vice* forthcoming)
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (772) 783-8463
Fax: (646) 417-5967
mbarney@sirillp.com

*Counsel for Defendants*

*/s/ Michael C. Subit*

Michael C. Subit, WSBA No. 29189
**FRANK FREED SUBIT & THOMAS LLP**
705 Second Avenue, Suite 1200
Seattle, Washington 98104
Telephone: (206) 682-6711
Facsimile: (206) 682-0401
msubit@frankfreed.com

*Local Counsel for Defendants*